11th Court of Appeals
Eastland, Texas
Opinion
 
Travis Jerome Rain
            Appellant
Vs.                  No. 11-03-00265-CR -- Appeal from Harris County
State of Texas
            Appellee
 
            The trial court convicted Travis Jerome Rain, upon his plea of guilty, of possession of
marihuana. Pursuant to the plea bargain agreement, the trial court assessed his punishment at
confinement for 30 months. We affirm.
Issue on Appeal
            In his sole issue on appeal, appellant contends that the trial court erred in denying his motion
to suppress the search warrant. Appellant argues that Houston Police Officer Carl Smith incorrectly
stated in his affidavit that he observed certain matters when Officer Smith merely repeated what
other officers had observed and not what he had personally observed. Appellant also contends that
his witness rebutted Officer Smith’s testimony and that Officer Smith contradicted his affidavit when
he testified that he only spoke with the informant on the phone.
Standard of Review
            In reviewing a trial court’s ruling on a motion to suppress, appellate courts must give great
deference to the trial court’s findings of historical facts as long as the record supports the findings. 
Guzman v. State, 955 S.W.2d 85 (Tex.Cr.App.1997). We must afford the same amount of deference
to the trial court’s rulings on “mixed questions of law and fact,” such as the issue of probable cause,
if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. 
Guzman v. State, supra at 89. Appellate courts, however, review de novo “mixed questions of law
and fact” not falling within the previous category. Guzman v. State, supra at 89. When faced with
a mixed question of law and fact, the critical question under Guzman is whether the ruling “turns”
on an evaluation of credibility and demeanor. Loserth v. State, 963 S.W.2d 770, 773 (Tex.Cr.App.
1998). A question “turns” on an evaluation of credibility and demeanor when the testimony of one
or more witnesses, if believed, is always enough to add up to what is needed to decide the
substantive issue. Loserth v. State, supra. We must view the record in the light most favorable to
the trial court’s ruling and sustain the trial court’s ruling if it is reasonably correct on any theory of
law applicable to the case. Guzman v. State, supra. 
Evidence Presented at Suppression Hearing
            Officer Smith testified that, on December 5, 2002, he spoke on the telephone with a
confidential informant. Officer Smith had used this informant on at least five prior occasions and
had previously met with the informant in person. This time, the informant told Officer Smith that
there was a large amount of marihuana at a residence on Caddo Street.
            On December 6, 2002, Officer Smith and Sergeant Jansen set up surveillance on the
residence. The surveillance lasted several hours. During the surveillance, Officer Smith testified
that he personally saw people approach appellant’s vehicle, that he saw appellant hand baggies to
people, and that he saw appellant get out of his car and meet with people in the roadway. Officer
Smith also stated that he observed appellant move from the front of the vehicle to the trunk. Officer
Smith observed appellant leave the residence in the vehicle and then return “[t]wo or three times.”
After several hours, the surveillance ended when appellant got into a second vehicle and drove away.
Officer Smith followed and stopped appellant a few miles from the residence. When the search
warrant was executed, marihuana was recovered from the trunk of the vehicle parked at the
residence; it was the same vehicle from which Officer Smith had observed appellant making
transactions. 
            Major Jackson testified that he arrived at appellant’s grandmother’s house between 3:30 and
3:45 p.m. to pick up appellant to go to Home Depot. Jackson parked his car and went into the house
for 30 to 45 minutes. Jackson talked to appellant’s grandmother who was the only person inside the
house. When appellant pulled up and parked his car, Jackson went outside and told appellant that
he had been waiting for appellant. Appellant got into Jackson’s car, and the two men drove off.
Appellant’s Contentions
            The record does not support appellant’s argument that Officer Smith included facts that he
did not personally observe. Appellant bases his argument on Officer Smith’s testimony that he was
not the only officer involved in the surveillance of the residence. However, when Officer Smith’s
testimony is reviewed in its entirety, it is clear that Officer Smith was testifying as to what he
personally observed during his surveillance of the residence.
             Appellant correctly argues that Jackson’s and Officer Smith’s testimony differed as to
whether appellant had just arrived at the residence or whether appellant had been at the residence for
several hours conducting transactions. However, at a suppression hearing, the trial court is the sole
judge of the weight and credibility of the witnesses’ testimony; and, as stated above, great deference
is given to the trial court’s findings of historical facts as long as the record supports the findings. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Cr.App.2000); Guzman v. State, supra. We disagree
that Jackson’s testimony conclusively established that appellant had just arrived at the residence and
find that the record does support the trial court’s denial of the motion to suppress.
            Appellant also attacks the validity of the search warrant on the ground that, in his affidavit,
Officer Smith stated that he met with the informant but, in his testimony, Officer Smith stated that
he spoke with the informant on the phone. Appellant did not raise this complaint in the trial court
and, therefore, has not preserved this complaint for appellate review. TEX.R.APP.P. 33.1.
            The record reflects that the trial court did not abuse its discretion. The sole issue is overruled.
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
May 27, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.